FILED
United States Court of Appeals
Tenth Circuit

April 18, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARTURO FAVELA-GOMEZ,

    Defendant - Appellant.

No. 16-3009
(D.C. No. 5:13-CR-40075-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **KELLY** and **MORITZ**, Circuit Judges.
_____

Arturo Favela-Gomez pled guilty to four counts of distributing

methamphetamine in violation of 21 U.S.C. § 841(a)(1). The court sentenced him to

158 months in prison, followed by five years of supervised release. Mr.

Favela-Gomez signed a plea agreement that included a broad waiver of appellate

rights, including the right to appeal his sentence unless the court departed upwards

from the applicable sentencing guideline range, which did not happen. Nevertheless,

he now seeks to challenge his sentence through this appeal.

---

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce a waiver under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

In response to the government's motion, Mr. Favela-Gomez, through counsel, "concedes that, under the standard announced in [*Hahn*], the plea agreement's appeal waiver is enforceable with respect to this direct appeal." Response to Motion to Enforce Appeal Waiver at 1 (Mar. 24, 2016). Based on this concession and our independent review of the record, we conclude that this appeal falls within the scope of the appeal waiver. We therefore grant the government's motion and dismiss the appeal. We do so, however, without prejudice to Mr. Favela-Gomez's right to file a motion under 28 U.S.C. § 2255.

Entered for the Court
Per Curiam
